Dawn M. Maguire-Bayne, State Bar #20368
John P. Carter, State Bar #25402
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: dbayne@asbazlaw.com

Attorneys for Trustee David A. Birdsell

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| KEITH G. SPANJER and PATRICIA A. SPANJER, | Case No. 2-11-bk-20043-GBN |
| Debtors. | **FIRST AND FINAL APPLICATION FOR COMPENSATION OF FEES AND REIMBURSEMENT OF COSTS BY COUNSEL FOR THE TRUSTEE** |
| | (For Noticing With Trustee's Final Report) |

**APPLICATION PERIOD NOVEMBER 30, 2011 THROUGH OCTOBER 21, 2013**

Allen, Sala & Bayne, PLC ("ASB") counsel for David A. Birdsell, the Chapter 7 Trustee in the above-captioned case ("Trustee"), hereby files this *First and Final Application for Compensation of Fees and Reimbursement of Costs by Counsel for the Trustee (For Noticing With Trustee's Final Report)* ("Application").

In support of its Application, ASB submits its billing and expense statements for fees and costs incurred for the period of November 30, 2011 through October 21, 2013 ("Application Period"), attached as **Exhibit "A"** and incorporated herein by reference.

**I.  NARRATION**

  A.  Background

  1.  On July 13, 2011, Keith G. Spanjer and Patricia A. Spanjer ("Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. David A. Birdsell is the duly appointed Trustee.

  2.  On November 30, 2011, ASB filed its *Application for Order Approving*

*Employment as Counsel for the Trustee.* On November 30, 2011, the Court entered an Order ("Employment Order") authorizing ASB to act as counsel for the Trustee.

3. ASB requests reimbursement for 28.6 hours spent in its representation of the Trustee. Based upon its customary hourly rates, ASB's total fees are $4,591.00. Pursuant to the Trustee's request and to increase the distribution to creditors, ASB has agreed to reduce its fees to $451.37. In addition, ASB incurred out-of-pocket expenses in the amount of $48.63. As of the date of this Application, the Trustee has cash on hand in the approximate amount of $1,485.36.

4. The services for which compensation is requested were rendered on behalf of the Chapter 7 Trustee and compensation is sought pursuant to 11 U.S.C. §§ 330(a), 331 and 503, and Fed.R.Bankr.P. 2016(a). In this Application, ASB has sought to comply fully with the Employment Order and the Guidelines of the Office of the United States Trustee for the District of Arizona ("UST Guidelines").

5. Except as it may be entitled to receive compensation herein, ASB has no arrangements with any other party to pay for the services it rendered to the estate, nor has ASB received any funds from any party for the services rendered to the estate. Further, ASB has not made any arrangement to share any compensation received by Order of this Court with any party, except as between members of ASB's firm.

6. The fees as may be awarded and paid to ASB pursuant to this Application will be "on account" type fees. This is ASB's first and final fee application. It has not previously been awarded any fees in this case. In addition, ASB has not received a retainer in this case.

7. The rates charged by ASB are the normal and customary charges for bankruptcy attorneys of similar expertise and experience performing similar services in the Phoenix metropolitan area. The rates charged by the professionals in this case are the same or less than the rates the firm charges for non-bankruptcy clients. The following professionals and paraprofessionals provided services to the Trustee during the Application Period:

///

-2-

Case 2:11-bk-20043-GBN    Doc 45    Filed 10/30/13    Entered 10/30/13 10:49:17    Desc
Main Document    Page 2 of 6

(A) <u>Dawn M. Maguire-Bayne</u>. Ms. Maguire-Bayne has been practicing in Arizona since 2000 and has substantial experience in bankruptcy matters. Her customary rate for representing trustees in Chapter 7 cases is $215.00 per hour.

(B) <u>John P. Carter</u>. Mr. Carter has been practicing in Arizona since 2007 and has experience in bankruptcy matters. His customary rate for representing trustees in Chapter 7 cases is $180.00 per hour.

(C) <u>Bekki Bottjen</u>. Ms. Bottjen has been working in the bankruptcy field for several years and has bankruptcy experience. Her customary rate for providing services to trustees in Chapter 7 cases is $95.00 per hour.

(D) <u>Monica J. Baca</u>. Ms. Baca has been working in the bankruptcy field for several years and has substantial bankruptcy experience. Her customary rate for providing services to trustees in Chapter 7 cases is $95.00 per hour.

8. The following chart summarizes the time expended by ASB's professionals and paraprofessionals, the customary rate billed, and the total fees incurred prior to any reductions:

| Attorneys | Hours | Rate | Total |
|---|---|---|---|
| Dawn M. Maguire-Bayne, Member | 7.4 | $215.00 | $1,591.00 |
| John P. Carter, Associate | 11.6 | $180.00 | $2,088.00 |
| **TOTALS** | **19.0** | | **$3,679.00** |
| **Averaged Hourly Rate:** | | **$197.50** | |

| Paralegals | Hours | Rate | Total |
|---|---|---|---|
| Monica J. Baca | 9.3 | $95.00 | $883.50 |
| Bekki Bottjen | 0.3 | $95.00 | $28.50 |
| **TOTALS** | **9.6** | | **$912.00** |
| **Averaged Hourly Rate:** | | **$95.00** | |

9. ASB reserves the right to supplement this Application if additional fees and costs are incurred.

10. The Trustee is in the process of closing this case and as such, requests that no hearing be held and that payment await Trustee's Final Report.

B. <u>Summary of Legal Services Performed and Costs Incurred</u>

11. ASB has prepared this Application in strict compliance with the United States Trustee's Guidelines. The actual hours expended, services performed, rates charged, and fees

incurred are detailed on Exhibit "A".

12. ASB provided services to the Trustee to assist in the administration of the case. After the Trustee discovered the Debtors' interest in non-exempt assets, the Trustee hired ASB to assist in the recovery of the assets for the benefit of the bankruptcy estate. ASB reviewed the Debtors' Schedules, Statement of Financial Affairs and financial records. ASB worked with the Debtors for turnover of the non-exempt assets. Ultimately, the Debtors settled the case issues regarding the non-exempt assets. ASB drafted the necessary documents to obtain Court approval of the Stipulation for Settlement. In addition, ASB performed a preference analysis, and pursued the Trustee's avoidance rights. Again, ASB drafted the necessary documents to obtain Court approval of the Stipulation for Settlement. The Trustee has collected all of the case assets and is now ready to close this case. ASB performed other administrative functions including, but not limited to, obtaining approval of employment as counsel for the Trustee, preparing this fee application and apprising the Trustee of the status of the case.

13. ASB seeks reimbursement of costs in the amount of $**48.63** as set forth in Exhibit "A". ASB charges $.25 per page for photocopies, $.50 per page for incoming facsimiles, and a flat fee of $.50 for each outgoing facsimile, regardless of the number of pages sent. ASB charges its actual costs incurred from outside parties, including, but not limited to, delivery services, transcription fees, process service, postage, long distance telephone charges, computer research, and parking.

## II. EVALUATING STANDARDS

Based upon its customary hourly rates, ASB incurred fees during the Application Period totaling $4,591.00; nonetheless, ASB has reduced its fees to $451.37 pursuant to the Trustee's request. In accordance with 11 U.S.C. § 330, this amount was calculated using the hourly rate for the professionals and paraprofessionals involved. See also In re Yermankov, 718 F.2d 1465, 1471 (9th Cir. 1983) ("the primary method used to determine reasonable attorneys' fees in a bankruptcy case is to multiply the number of hours expended by an hourly rate"). This has also been referred to as the "lodestar" or basic fee which, if warranted, can be adjusted upward or

downward. In that regard, the Ninth Circuit in Yermankov made specific reference to Johnson v. Georgia Highway Express, Inc. 488 F.2d 713, 717-19 (5th Cir. 1974), in which the Fifth Circuit listed twelve factors which should be considered in awarding attorneys' fees in bankruptcy cases. See In re Nucorp Energy, Inc. 764 F.2d 655 (9th Cir. 1985). The Ninth Circuit Bankruptcy Appellate Panel concluded that the "lodestar" approach, coupled with consideration of the "Johnson factors" is the appropriate standard to be applied in awarding fees in a bankruptcy case. See In re Powerine Oil Co., 71 B.R. 767 (9th Cir. 1986).

In addition, the provisions of Section 330(a) place a premium on the timeliness of administration of the case. Compensable services must be "performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed". 11 U.S.C. § 330(a)(3)(D). The results obtained by ASB within the time frames of this Application illustrate that it:

1. Possessed and used the expertise required to represent the Trustee in the case;
2. Provided services necessary to the administration of the case; and,
3. Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

Furthermore, based upon the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases, the results obtained by ASB within the time-frame of this Application and the rates charged by ASB for the services performed, the compensation requested is reasonable.

**III. CONCLUSION**

Based upon the foregoing, Allen, Sala & Bayne, PLC respectfully requests that this Court enter an Order allowing:

A. Compensation for professional services rendered by Allen, Sala & Bayne, PLC as the Trustee's counsel during the Application Period in the sum of $**451.37**;

B. Reimbursement of $**48.63** for actual and necessary expenses, which Allen, Sala & Bayne, PLC has incurred and paid during the Application Period in connection with the

rendering of such professional services; and

      C.    Authorizing immediate payment of the aforesaid fees and costs.

DATED: October 30, 2013

                                      **ALLEN, SALA & BAYNE, PLC**

                                      */s/ DMMB 20368*
                                      Dawn M. Maguire-Bayne
                                      John P. Carter
                                      1850 N. Central Ave. Suite 1150
                                      Phoenix, Arizona 85004
                                      Counsel for Trustee David A. Birdsell

COPY of the foregoing electronically delivered on
October 30, 2013 to:

Larry Watson
United States Trustee
230 North First Avenue, Ste 204
Phoenix AZ 85003-1706

COPY of the foregoing mailed on
October 30, 2013 to:

David A. Birdsell
216 North Center
Mesa, AZ 85201
*Chapter 7 Trustee*

Keith G. Spanjer
Patricia A. Spanjer
8537 E. Orange Blossom Lane
Scottsdale, AZ 85250
*Debtors, pro se*


*/s/ Rachel Nieto*

-6-